IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALBERTO CRESPO MUÑIZ,

Plaintiff,

v.

JOSE JAVIER RODRIGUEZ LOPEZ, et al.,

Defendants.

CIVIL NO. 13-1870 (CVR)

**OPINION AND ORDER**

Plaintiff Alberto Crespo Muñiz, a member of the New Progressive Party, has alleged he was stripped of his duties and retaliated against due to his political affiliation when the 2012 change in government occurred at the Municipality of Las Marías. This change brought the Popular Democratic Party Defendants to power at the Municipality.

Defendants aver that Plaintiff cannot meet the threshold for political discrimination, insofar as his claims are not severe enough to constitute an unreasonably inferior working environment and further, that there were "ample independent grounds" for the actions they undertook. (Docket No. 59, p. 9). Specifically, Defendants posit that Plaintiff was not stripped of his duties, but rather, that he refused to perform them, and that he had a pattern of absenteeism and abandoned work without leave or notification.

The Court has carefully examined the dispositive motions and oppositions thereto submitted by all the parties, including the voluminous uncontested facts. (Docket Nos. 59 and 61). The Court finds that contested issues of material fact are present here, as it is a classic "he said/she said" situation, which is not proper to be resolved at the summary judgment stage. This is particularly evident when one considers that Defendants' motivation regarding the actions undertaken has been called into question, the resolution

Alberto Crespo Muñiz v. José Javier Rodríguez López, et al
Civil No. 13-1870 (CVR)
Opinion and Order
Page 2

---

of which requires the weighing the facts and credibility by the jury. See Orraca Figueroa v. Torres Torres, 288 F.Supp.2d 176, 185 (D.P.R. 2003). ("The key component of a political discrimination defense for any type of employee, whether he be career, regular, irregular or transitory, is a lack of discriminatory animus by the Defendants, which is a question of fact proper only for a jury to decide").

Therefore, Defendants' Motion for Summary Judgment as to Plaintiff's First Amendment claims of political discrimination and retaliation is DENIED.

The same reasoning applies to Defendants' qualified immunity defense. Where there is a controversy of material fact, denial of qualified immunity is proper. See Caro v. Aponte-Roque, 878 F.2d 1 (1st Cir. 1989) and Orraca Figueroa, 288 F.Supp.2d at 186-87. Defendants, however, are free to raise this issue again at the trial, where the Court will resolve the issue of qualified immunity after the return of a verdict.

For the aforementioned reasons, Defendants' Motions for Summary Judgment (Docket Nos. 59 and 61) are **DENIED**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 26th day of May, 2015.

         S/CAMILLE L. VELEZ-RIVE
         CAMILLE L. VELEZ RIVE
         UNITED STATES MAGISTRATE JUDGE